and to our next case this morning and it is United States against Monte Diggs. All right, good morning. I see both counsels so we can proceed. Ms. Armour. Good morning. May it please the court. The issue before the court regarding Mr. Diggs is whether the district court procedurally erred by failing to consider principal arguments in mitigation, failing to adequately explain its consideration of some of his issues and arguments, and also by making extraneous comments and relying on clearly erroneous facts. This court's review is de novo. There is no waiver. There is no forfeiture for the reasons that we set forth in our reply. The government also brought to this court's attention the case of Esposito, which undermines its argument on this point. So we will not address that any further. But we do want to focus on the court's procedural error here. And from Mr. Diggs' perspective, there was an abundance considered both alone and together. The court's reasoning in the sentencing spanned less than three pages and a significant portion of that was dedicated to the scourge of gun violence in Chicago. The court's perspective, and also including the court's perspective on guns and drugs, individualized consideration of Mr. Diggs, his offense, and his arguments occupied far less. As a whole, the sentencing makes clear the court's consideration of the person and the offense. And I'd like to focus on two that I think were particularly egregious here. The first is one of our later issues, and that seeks to deal with the court's commentary on drugs and guns, which crossed the procedural lines of extraneous comments and relied on clearly erroneous facts. There is no dispute here that there was no evidence in this case of anything relating to controlled substances. It was not advanced by any of the parties below. It was not discernible from any discovery. There were no drugs found. There was no money found. So this extrapolation of guns and drugs is particularly troublesome in Mr. Diggs's case. And while this court has found that sometimes drugs and guns go together, the inverse is not necessarily true. The presence of a gun does not indicate the presence of drugs. In the cases that we cited on this point, Ramirez, Spaulding, Maggott, all involved actual, not theoretical evidence of controlled substance violations. And I think having a factual tether is especially important. Also at issue around this kind of co-relationship of drugs and guns that the emotional comments that are kind of ripped from the headlines that seek to place the whole of the scourge of Chicago gun violence at Mr. Diggs's feet. Excuse me for interrupting. When the court made the comments about guns and drugs, the court specifically noted that your client had narcotics dealing in his background. Why isn't that sufficient to connect it to history and characteristics of the defendant, which is one of the 3553A factors courts must consider when sentencing someone? Well, I think when you read that paragraph together, it reads as this is what is happening with guns and drugs. And we know because we can see in his history that those facts seem true here. And I think it's really important that Mr. Diggs's history that he points to was at this point now almost nine years previous. We're not seeing someone who has a current history of drug offenses. There's nothing in this offense itself that relates to it. So somehow picking a gun offense, which is itself anomalous in Mr. Diggs's criminal from many years ago to somehow make a tether that relates to this specific offense, I think is a bridge too far. But the court made it clear, and this defendant has in his background a mixture of dealing narcotics, and now he's caught with a gun fully loaded. The court distinguished between the history and the current offense. And again, under 3553A, history and characteristics are very similar. I understand that, but I do think the fact that it comes on the heels of the sentence that he talks about all three going together relating to gangs, drugs, and guns makes a connection of those things to this offense and not to the offender. He seems to talk about the procedural failure here is the complete absence of any reasoning by the court on significant principal arguments that were advanced in Mr. Diggs's sentencing memorandum and in his oral argument. And I believe that the absence of any explication on those issues are very significant. These include his complete failure to address Mr. Diggs's argument about offense conduct, relating to why young men in Mr. Diggs's community carried guns, and also an argument that has... But the judge, Ms. Armour, the judge specifically said Mr. Diggs had no good reason to have the gun. Why isn't that just a rejection of your mitigation argument that saying it's essentially okay for a felon to possess a gun in a dangerous neighborhood to protect himself? That seems to be just a rejection of that argument. I think it's a freestanding and specific statement about background and violence, generally. The argument that Mr. Diggs advanced... You said he had no good reason in response to your argument that, yes, he has a good reason. He's in a dangerous neighborhood and wants to protect himself. That just seems like an outright rejection of that. Even if that is an outright rejection of that, Your Honor, I do believe that his failure to address our arguments regarding criminal history and his background as mitigating and the relative youth of Mr. Diggs during that time period is not answered here in the record. And there were numerous... I'm sorry, Your Honor, did you have a... We've advanced numerous arguments on this, and I believe the record is absent on those points. If there's no further questions right now, I will save my remaining time for rebuttal. That's fine. Thank you. Ms. McClellan. May it please the Court. I'm Kate McClellan, and I represent the United States. The District Court imposed a procedurally sound sentence in this case. After fully considering the arguments of both parties, the Court properly determined that an 88-month sentence was sufficient but not greater than necessary to achieve the sentencing purposes of Section 3553A. The District Court imposed this sentence after thorough consideration of defendants' principal mitigation arguments. For example, the Court took into account defendants' maturity at the time of his prior adult convictions. However, the Court found this history aggravating rather than mitigating. Ms. McClellan, before you go too far down those arguments, I just want to confirm. It seems like you are now in agreement that the standard of review is de novo, that there was a waiver or forfeiture here. Is that correct? Your Honor, there was a discussion between the Court and the counsel below, and it seemed that the Court was trying to elicit whether there were any pronouncements. However, they didn't specifically reference 3553A in the questions. And so the case, the recently cited case, United States v. Esposito, would seem to suggest that the Court's questions were not sufficiently detailed. So you would agree then that a de novo review is the appropriate review here? Yes, at this point, Your Honor. Thank you. Between the ages of 17 and 35, the defendant was convicted of 18 separate crimes in adult criminal court. It was significant history and sustained over a long period of time. The District Court properly determined that any sentence imposed would need to promote respect for the law and to deter future crimes by the defendant. However, the Court, as it was required to do, balanced this criminal history against defendants' personal history, including the death of one of his parents at a young age, his struggles with substance abuse and violence from a young age, and his sincere desire to change his life now. And all of those mitigating factors did contribute to defendants' below-guideline sentence in this case. The District Court also fully considered defendant's argument that he carried a firearm merely for personal protection, and it appropriately rejected this argument. The Court found that the defendant had no business carrying a loaded semi-automatic weapon with an extended magazine around chambered and which he took the opportunity to throw onto the roof of a home when he was approached by police officers. These circumstances indicated to the Court that the defendant was carrying the firearm to harm others without justification, and that any sentence imposed would need to deter the defendant and others in Chicago who would carry firearms and commit similar crimes. Indeed, the defendant did not and could not offer a substantive justification for his actions in this case. Under defendant's reasoning, any convicted felon who lived in a neighborhood where crime and violence are common would be entitled to carry a firearm for personal protection. The defendant framed this as being unique to him and to the neighborhood where he was found with this firearm and where he was raised. But as the Court's reasoning shows, defendant's neighborhood is not the only one in Chicago that is plagued by crime and violence. The Court could have disregarded defendant's categorical challenge here, but it chose to discuss it and it appropriately rejected it. Unless the Court has any further questions, I'll close by asking you to affirm the sentence and conviction in this case. Thank you. Ms. Armour. Thank you. I'll just begin by addressing a point that the government has made regarding this purported balancing of Mr. Diggs' history. We advanced a very specific argument about how certain risk factors from his childhood impacted his trajectory and the choices he made earlier in his life. None of those risk factors were addressed. Instead, what happened was this muddling and bundling of all mitigation argument regarding his history, essentially into this argument that Mr. Diggs had a bad childhood. In fact, the argument was much more intended to be much more complex than that. It was intended to bridge the gap between his past and his future and just kind of summing it up as he had a very bad childhood. While that is demonstrably true for Mr. Diggs, it was not the heart or crux of the argument. It leaves us without an ability to really understand whether the Court really considered and weighed that before dispensing with it. I also just want to finally conclude by addressing the issue about any purported entitlement to carry firearms and the importance of the social science research that we advanced. It is a district court's responsibility to grapple with these complex issues. When you have a litigant who's seeking to reach at the root causes rather than the surface causes of what is actually happening with that, I would hope that the courts would be encouraged to look at that carefully and either disregard out loud or to consider and weigh appropriately. That did not happen here. Because of the host of issues relating to improper consideration, lack of consideration, extraneous comments, we believe that there was procedural error and that a remand for resentencing is the remedy. Thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement.